IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MIGUEL A. MAISONET**,

    Plaintiff,

    v.

**GENETT GROUP, INC.**, *et al.*,

    Defendants.

Civil No. 10-1970 (FAB/BJM)

## REPORT AND RECOMMENDATION

In this diversity case, Miguel A. Maisonet ("Maisonet") sued Genett Group, Inc. ("Genett") and an unnamed insurance company, alleging that Genett's negligence caused him to slip and fall while working at the federal building in Hato Rey, Puerto Rico. (Docket No. 1). Before the court is Genett's motion for summary judgment on statute of limitations grounds. (Docket No. 27). Maisonet opposed the motion. (Docket No. 31). The matter has been referred to me for a report and recommendation. (Docket No. 15). For the reasons that follow, I recommend that Genett's motion for summary judgment be **granted.**

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are summarized here after applying Local Rule 56, which structures the presentation of proof at summary judgment.[1] Of particular note here is Maisonet's failure to admit, deny, or qualify Genett's statement of facts in accordance with Local Rule 56(c). Because

---

[1] The rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute," CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008), and prevents parties from "shift[ing] the burden of organizing the evidence presented in a given case to the district court." Mariani-Colón v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007). The penalty for noncompliance is severe: "If the party opposing summary judgment fails to comply with Local Rule 56(c), the rule permits the district court to treat the moving party's statement of facts as uncontested." Id. Thus, litigants ignore the rule "at their peril." Id.
    A motion for summary judgment must be supported by "a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried." Local Rule 56(b). The opposing party must admit, deny, or qualify the moving party's facts by reference to each numbered paragraph, and may make a separately numbered statement of material facts. Local Rule 56(c). The moving party may reply and admit, deny, or qualify the opponent's newly-stated facts, again in a separate statement and by reference to each numbered paragraph. Local Rule 56(d). Any facts supported by citation to record evidence and not properly controverted as described by the rule are deemed admitted. Local Rule 56(e).

this failure to follow the local rule is plain, Genett's statement of uncontested material facts is **DEEMED ADMITTED.**  See Mariani-Colón, 511 F.3d at 219.

Additionally, Maisonet did not submit an opposing statement under Local Rule 56(c). Although the court has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts," Local Rule 56(e), I have nonetheless summarized and considered the evidence Maisonet submitted.

*The Accident*

On August 9, 2005, between 3:00 p.m. and 4:00 p.m., Maisonet slipped off of the federal building's loading platform and fell three to four feet to the ground. (Docket No. 27-1, hereinafter "Facts," ¶¶ 2-3). Maisonet was employed at the time by MVM Securities, Inc.; on that same date, he knew that Genett was the building's maintenance subcontractor. (Id., ¶¶ 1, 4). Maisonet was unsure whether any substance on the ground caused him to slip, or whether anyone else knew of any substance on the ground. (Id., ¶ 5). Maisonet received treatment under the Puerto Rico State Insurance Fund ("SIF") for six months, which included an operation on his left ankle, and physical therapy. (Id., ¶ 6).

*State Insurance Fund Proceedings*

Maisonet was discharged from the SIF on June 22, 2006. Maisonet was notified of the decision on November 29, 2006. (Id., ¶ 7). Maisonet did not appeal the decision to the Industrial Commission ("IC") at any time in 2006, nor did he have any relevant SIF or IC proceedings pending in 2007 or 2008. (Id., ¶¶ 8-9, 12).

On January 22, 2009, the SIF reopened Maisonet's case for continuing treatment. (Docket No. 36-1, p. 6). On December 23, 2009, Maisonet appealed the subsequent dismissal of his case. (Docket No. 36-1, p. 2). On June 29, 2010, the IC granted Maisonet's motion to voluntarily dismiss his case. (Docket No. 36-1, p. 4).

*Proceedings Against the United States*

On May 1, 2007, Maisonet filed an extrajudicial claim with the General Services

Administration ("GSA") regarding the accident. (Facts, ¶ 10). Maisonet filed no other claims before the GSA. (Id., ¶ 11). On March 18, 2009, Maisonet sued the United States in this court. (Id., ¶ 13). Maisonet moved to voluntarily dismiss the case on August 3, 2009. (Id., ¶ 14). A judgment of dismissal without prejudice entered on August 5, 2009. (Id., ¶ 15).

***Proceedings Against Genett Group***

Maisonet sued Genett on October 7, 2010. (Docket No. 1). Maisonet never presented an extrajudicial claim to Genett regarding the accident. (Facts, ¶ 17). Maisonet never responded to Genett's request for admissions. (Id., ¶¶ 18-19). On March 20, 2012, Genett's attorney informed plaintiff's attorney that, regardless of the 2010 dismissal of the IC appeal, he would not withdraw his motion for summary judgment. (Docket No. 31-4).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and "[a] 'genuine' issue is one that could be resolved in favor of either party." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The court does not weigh the facts, but instead ascertains whether the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Leary v. Dalton, 58 F.3d 748, 751 (1st Cir. 1995).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact." Crawford-El v. Britton, 523 U.S. 574, 600 n.22 (1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c)(1). Once this threshold is met, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

However, the court draws inferences and evaluates facts "in the light most favorable to the nonmoving party," Leary, 58 F.3d at 751, and an evaluating court may not "superimpose [its] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the facts of the record." Greenburg v. P.R. Maritime Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). Nonetheless, summary judgment is appropriate where the nonmoving party rests entirely upon "conclusory allegations, improbable inferences, and unsupported speculation" on any essential element of the claim. Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## DISCUSSION

Genett argues that the statute of limitations under Puerto Rico law expired long before the present suit was filed. Maisonet asserts that the SIF proceedings in 2009 and 2010 tolled his claim against Genett, and that his suit is therefore timely. Article 1802 of the Puerto Rico Civil Code establishes liability for "[a] person who by an act or omission causes damage to another through fault or negligence." 31 L.P.R.A. § 5141. Generally, actions for "obligations arising from the fault or negligence mentioned in section 5141" are subject to a one-year statute of limitations. 31 L.P.R.A. § 5298; Ramos Lozada v. Orientalist Rattan Furniture Inc., 130 D.P.R. 712, 718, 1992 P.R.-Eng. 755,597. But when an injury entitles the victim to worker's compensation, the victim "may claim and recover damages from the third party responsible for said injury . . . within one year following the date of the final decision of the case by the Manager of the State Insurance Fund . . . ." 11 L.P.R.A. § 32. An unappealed decision becomes final 30 days after the employee receives notice. See 11 L.P.R.A. § 11.

Here, it is uncontested that Maisonet sought medical treatment through the SIF following his accident, and that he was notified of his discharge from treatment on November 29, 2006. (Facts, ¶¶ 6-7). He did not appeal this discharge within 30 days; thus, that decision became final on December 29, 2006. (See id., ¶ 8). Therefore, to be timely, Maisonet's action against Genett

must have been brought on or before December 29, 2007.[2] Because it was filed on October 7, 2010, Maisonet's suit is time-barred.

Maisonet's only argument is that the reopening of his SIF case in January 2009 tolled his action, giving him still another year to bring suit following the second "final decision" in 2010. (Docket No. 31, p. 5-6). He cites Di Tommaso v. Boeing Co., 909 F. Supp. 63, 63 (D.P.R. 1995), a case where the plaintiff was discharged from the SIF on March 17, 1994 and brought suit on March 16, 1995. Applying § 32, the court found the claim timely. Id. But there, the plaintiff's action never prescribed because one year had not passed from the date of the final decision. Maisonet seems to assume, without further explanation, that the final decision in a reopened SIF case restores a § 32 claim that has already expired. But this assumption is inconsistent with Puerto Rico's prescription and tolling jurisprudence. "The tolling act represents the unequivocal manifestation of an intent to put an end to the inactivity *that takes place before the period of deliberation runs out.*" Galib Frangie v. El Vocero de P.R., Inc., 138 D.P.R. 560, 38 P.R. Offic. Trans. ---, slip trans. at 3 (1995) (on file in court library) (emphasis added). Four elements make up a valid tolling act: "(a) *opportunity or timeliness*, which requires that the action be filed before the limitation period runs out; (b) *standing*, [which] is what gives a party the right to file an action; (c) *identity*, [which] means that the action must exactly correspond to the right affected by the statute of limitations; and (d) *fitness* of the means employed." Id. (italics in original). Section 32 does not address a situation where a case is later reopened; therefore, this general rule should control the analysis. Accordingly, the January 2009 reopening of Maisonet's case cannot reset the statute of limitations on his action because it took place well after the limitation period ran out. The "opportunity or timeliness" element was not satisfied, and the reopened case should therefore have no tolling effect.

Finally, since Maisonet did not argue that his suit against the United States tolled any

---

[2] Genett's motion for summary judgment argues that Maisonet had an additional 90 days to bring suit, as private suits are barred for the 90 days following SIF's decision. See, e.g., Pérez Bonilla v. Mann Holly Sales & Serv., Inc., 729 F. Supp. 1410, 1410-11 (D.P.R. 1990) (explaining relevant portion of § 32). Regardless of whether this 90-day bar extends the time to bring suit, Maisonet's suit is untimely.

limitations period against Genett, I need not consider Genett's alternative analysis of the timing of those suits. See also Velásquez Rodríguez v. Mun'y of San Juan, 659 F.3d 168, 176 (1st Cir. 2011) (solidary liability "is a rather complex tolling concept in Puerto Rico law," and failure to explain its applicability amounts to waiver).

## CONCLUSION

For the foregoing reasons, I recommend that Genett's motion for summary judgment be **GRANTED.** Maisonet's claim should be **DISMISSED** as time-barred.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. **Due to the upcoming trial date, the time for objections has been shortened:** any objections to the same must be specific and must be filed with the Clerk of Court **by Friday, May 18, 2012**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 11th day of May, 2012.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge