IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL A. MAISONET,

**Plaintiff,**

**v.**

GENETT GROUP, INC., *et als.*,

**Defendants.**

**CIVIL NO.** 10-1970 (FAB)

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is the Report and Recommendation ("R&R") (Docket No. 55) regarding defendant Genett Group, Inc.'s ("Genett") motion for summary judgment. (Docket No. 27.) Having considered the magistrate judge's recommendations, plaintiff's objections and defendant's opposition to plaintiff's objections, (Docket Nos. 58 & 61), the Court **ADOPTS** the findings of the R&R and **GRANTS** the motion for summary judgment. (Docket No. 55.)

**DISCUSSION**

**I.   Background**

**A.   Factual Background**

The Court declines to rehash all of the facts that are contained in the magistrate judge's R&R.   Instead, the Court provides a brief overview of the facts, taken from the R&R, and

_____

[1] Jared Killeen, a second-year student at Brooklyn Law School, assisted in the preparation of this Opinion and Order.

will supply more details as needed.  It bears noting that plaintiff
failed to comply with Local Rule 56(c) and did not admit, deny, or
qualify defendant's statement of facts at the time of motion for
summary judgment; therefore, the magistrate judge correctly
admitted defendant's statement of facts as uncontested.  The Court
thus relies on the statement of facts as it appears in the R&R.

On August 9, 2005, plaintiff Miguel A. Maisonet
("Maisonet") slipped and fell several feet off of the loading dock
of the federal building in Hato Rey, Puerto Rico.  Despite later
claims, Maisonet was unsure at the time whether any substance on
the ground caused him to slip, or whether anyone else knew of such
a substance.  On the date of the accident, Maisonet was employed by
MVM Securities and knew that "Genett" was the building's
maintenance subcontractor.

Maisonet received medical treatment under the Puerto Rico
State Insurance Fund ("SIF") for six months.  He was discharged
from the SIF on June 22, 2006.  Although Maisonet was notified of
this decision on November 29, 2006, he did not appeal the decision
to the Industrial Commission ("IC") in 2006, nor did he have any
relevant SIF or IC proceedings pending in 2007 or 2008.  The
decision became final on December 29, 2006, when Maisonet did not
appeal his discharge within 30 days.

On January 22, 2009, the SIF reopened Maisonet's case for continuing treatment.  The case was subsequently dismissed, and on December 23, 2009, Maisonet filed an appeal.  Finally, on June 29, 2010, the IC granted Maisonet's motion to dismiss his case voluntarily.

**B.    Procedural Background**

On May 1, 2007, Maisonet filed an extrajudicial claim with the United States General Services Administration ("GSA") regarding the accident.  Maisonet then sued the United States on March 18, 2009.  On August 2, 2009, Maisonet moved to dismiss his case voluntarily, and a judgment of dismissal without prejudice was entered on August 5, 2009.

On October 7, 2010, Maisonet sued Genett.  (Docket No. 1.)  Notably, Maisonet never presented an extrajudicial claim to Genett regarding the accident, nor did he respond to Genett's request for admissions.  On February 6, 2012, Genett filed a motion for summary judgment, arguing that the one-year statute of limitations under Puerto Rico law expired long before plaintiff filed his suit.  (Docket No. 27.)  Maisonet filed a response in opposition to defendant's motion for summary judgment, but failed to submit an opposing statement pursuant to Local Rule 56(c).  (Docket No. 31.)  On March 20, 2012, Genett's attorney informed

Maisonet's attorney that he would not withdraw his motion for summary judgment.

Pursuant to a referral order issued by the Court, Magistrate Judge Bruce J. McGiverin filed an R&R with regard to the motion for summary judgment on May 11, 2012. (Docket No. 55.) Magistrate Judge McGiverin recommended that the motion be granted, finding that Maisonet's suit was filed on October 7, 2010, over three years after the SIF dismissal, and that the suit was therefore time-barred. (Docket No. 55 at 4.) Magistrate Judge McGiverin rejected Maisonet's argument, however, that the reopening of his SIF case in January 2009 tolled his action, giving him still another year to bring suit following the "'second' final decision in 2010." (Docket No. 55 at 5.)

On May 19, 2012, Maisonet filed objections to the R&R, but after the deadline set forth by the Court. (Docket No. 59.) Maisonet's chief objection relies on the proposition that actions arising from fault or negligence are subject to a one-year statute of limitation "from the date that the victim comes to the knowledge of the damage caused **AND** who caused the damage . . ." (Docket No. 58 at 3, emphasis in original.) Maisonet reasons that it was not until July 15, 2009, that he learned that Genett was responsible for his injury, and thus that he had another year pursuant to this date to file his claim against Genett. (Docket

No. 58 at 4.)  Maisonet further argues that the fact that his SIF case was open until August 26, 2010, precluded him from filing a claim until October 7, 2010.

Genett filed a memorandum in opposition to Maisonet's objections on May 21, 2012.  (Docket No. 61.)  Genett disputes Maisonet's argument that the statute of limitations tolled on July 15, 2009; moreover, Genett argues that Maisonet's objection is waived because it was not properly a part of the opposition to the motion for summary judgment and was brought for the first time as an objection to the R&R issued by Magistrate Judge McGiverin. (Docket No. 61 at 3.)

## II.  Legal Analysis

### A.  Standard under 28 U.S.C. § 636(b)(1)

A district court may refer a case to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. § 636(b)(1).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v.

Civil No. 10-1970 (FAB)                                                    6

Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1).  Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  See Hernandez-Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 125-126 (D.R.I. 2004)).

    **B.    Summary Judgment Under Rule 56**

         The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  The rule states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  See Suarez v. Pueblo Int'l., Inc., 229 F.3d 49, 53 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine."  Material means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is genuine when a reasonable jury could return a verdict for the nonmoving party based on the evidence.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment.  Id. at 252.  It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence

Civil No. 10-1970 (FAB)                                                    8

to rebut the motion." Maldonado-Denis v. Castillo-Rodriguez, 23
F.3d 576, 581 (1st Cir. 1994).

       In making this assessment, the Court "must view the
entire record in the light most hospitable to the party opposing
summary judgment, indulging in all reasonable inferences in that
party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.
1990).   The Court may safely ignore, however, "conclusory
allegations, improbable inferences, and unsupported speculation."
Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.
1990).

       C.   **Plaintiff's Objections**

            i.   **Procedural Defects**

                 In filing his objection to the R&R, and throughout
the course of his entire suit, plaintiff has done a rather clumsy
job of abiding by the prescribed procedure.   To begin with,
plaintiff does not so much object to any single point in the
magistrate judge's conclusion, but rather attempts to use the
objection as an opportunity to introduce a new substantive argument
justifying the belated filing of his original claim.   Whatever
plaintiff's reasoning may be, it is clear that he failed to
establish this argument during the summary judgment stage of the
proceedings.   The local rules expressly state that by failing to

file a timely opposition to a motion, "the opposing party shall be deemed to have waived objection."  Loc.Civ.R. 7(b).

Although 28 U.S.C. § 636(b)(1)(c) gives parties the right to *de novo* review to specific parts of reports and recommendations to which they properly object, those parties are "not entitled to a *de novo* review of an argument never raised." See Borden v. Sec'y. of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); 28 U.S.C. § 636(b)(1)(c).  Given plaintiff's failure to offer a complete argument in his opposition to defendant's motion for summary judgment, he has consequently passed on any opportunity to present such an argument now.  Thus, the Court may properly refuse to consider "an argument which could have been, but inexplicably was not, presented to the magistrate judge in the first instance."  Id. at 6.

It does not help plaintiff's case that he supports this argument with untranslated Spanish-language case law. Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."  The Court is barred from considering any untranslated documents.  Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). Thus, plaintiff's failure to provide translated copies of critical

decisions supporting his claim by itself warrants denial of his objection.

          The belated introduction of a substantive argument, based on untranslated decisions, is but one example of plaintiff's refusal to abide by proper procedure.  As the magistrate judge noted in his R&R, plaintiff also failed to admit, deny, or qualify Genett's statement of facts in accordance with Local Rule 56(c). (Docket No. 55 at 1.)  Moreover, plaintiff did not submit an opposing statement under the same rule.  (Docket No. 55 at 2.)  The Court is left to imagine why plaintiff inexplicably waived his opportunity to supply a factual basis for his claim, and must assess to what degree this omission may have damaged his suit.

          Finally, plaintiff submitted his objection to the R&R a day late.  Under Local Rule 72, a party may typically object to a magistrate judge's recommendation within fourteen days of receiving a copy of it.  Loc.Civ.R. 72.  Nonetheless, Magistrate Judge McGiverin gave specific instructions in his R&R that, due to the upcoming trial date, the time for objections had been shortened and that any relevant document must be filed by May 18, 2012. (Docket No, 55 at 6.)  Nonetheless, plaintiff did not file his objection until the following day.  Because a district court is under no obligation to review a portion of a magistrate judge's report unless an objection to it has been filed, the belated

submission of plaintiff's objection is enough to preclude reexamination of those relevant portions of the R&R.  <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980); <u>Sylva</u>, 389 F.Supp.2d at 191-92.

### ii.  Substantive Defects

Even had plaintiff followed the prescribed procedure in submitting his objections, there is still no reason to deny defendant's motion for summary judgment.  First of all, the Court finds no cause to question the conclusion of the magistrate judge that plaintiff's claim is time-barred.  (Docket No. 55 at 5.)  It is uncontested that plaintiff sought medical treatment through the SIF following his accident; that he was notified of his discharge from treatment on November 29, 2006; that he did not appeal this discharge within 30 days; and, thus, that the decision became final on December 29, 2006.  To be timely under the one-year statute of limitations, plaintiff's claim must have been brought on or before December 29, 2007.  Because it was not filed until October, 2010, the suit is clearly time-barred.  (Docket No. 55 at 4-5.)

Furthermore, the magistrate judge was correct in dismissing plaintiff's argument that the reopening of his SIF case in January 2009 tolled his action, thereby giving him another year to bring suit following the "'second' final decision in 2010." (Docket No. 55 at 5.)  "The tolling act represents the unequivocal

manifestation of an intent to put an end to the inactivity *that takes place before the period of deliberation runs out."* (Docket No. 55 at 5, internal citation omitted, emphasis in original.) Accordingly, the reopening of plaintiff's case does not reset the statute of limitations because it took place after the original limitation period expired. (Docket No. 55 at 5.)

Plaintiff's objection to the R&R is similarly unpersuasive. The objection relies on the proposition that actions arising from fault or negligence are subject to a one-year statute of limitation "from the date that the victim comes to the knowledge of the damage caused **AND** who caused the damage . . ." (Docket No. 58 at 3, emphasis in original.) Plaintiff reasons that it was not until July 15, 2009, that he learned that Genett was responsible for his injury, and thus that he had another year pursuant to this date to file his claim against Genett. (Docket No. 58 at 4.) Plaintiff further argues that the fact that his SIF case was open until August 26, 2010, precluded him from filing a claim until October 7, 2010.

Upon reviewing the facts of the case, the Court determines that there is no basis for the proposition that plaintiff did not learn until July 15, 2009, that Genett was "the one who 'caused' his damages." (Docket No. 58 at 4.) Not only do the undisputed facts of the case state that by August 9, 2005,

plaintiff was well aware that defendant was the maintenance
subcontractor of the federal building (Docket Nos. 61 at 4; 27
at 1; 55 at 2), but common sense suggests that even had plaintiff
not been aware of this fact, he might easily have ascertained it.
Even accepting plaintiff's claim that he did not learn that Genett
was the subcontractor until July 15, 2009, the statute of
limitations on his claim still would have expired on July 15, 2010,
several months before plaintiff filed his suit.  Therefore, the
substance of plaintiff's objection neither defeats the sound logic
evident in the R&R, nor contradicts the undisputed facts of the
case.

## III. Conclusion

The Court has made an independent examination of the entire
record in this case, including plaintiff's objection to the R&R and
defendant's opposition to plaintiff's objection, and **ADOPTS** the
magistrate judge's findings and recommendations as the opinion of
this Court.  Accordingly, defendant Genett's motion for summary
judgment is **GRANTED** and no attorneys' fees will be awarded to
plaintiff.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 31, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE